IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 18-cv-1499-WJM-NRN

DANIEL JAMES VIGIL,

    Plaintiff,

v.

TEDDY L. LAURENCE, in his individual capacity;
PHYSICIAN HEALTH PARTNERS, INC. D/B/A
CORRECTIONAL HEALTH PARTNERS, LLC a Colorado corporation;
ROGER CASTILLO, in his individual capacity;
JOHN/JANE DOE(s), in his or her individual and official capacity;
RICK RAEMISCH, in his individual and official capacity;
SUSAN TIONA, in her individual and official capacity;
DAYNA JOHNSON, in her individual and official capacity;
RANAE JORDAN, in her individual and official capacity;
MICHELLE BRODEUR, in her individual and official capacity;
VANESSA CARSON, in her individual and official capacity; and
NICOLE BLATNICK, in her individual and official capacity,

    Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS**

This matter is before the Court on Defendants Rick Raemisch, Ranae Jordan, Susan Tiona, Dayna Johnson, Vanessa Carson, and Nicole Blatnick's (collectively, "Defendants") Motion to Dismiss Plaintiff Daniel Vigil's Third Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Motion") (ECF No. 210). For the following reasons, the Motion is granted in part and denied in part.

**I. BACKGROUND**

The Court assumes the parties' familiarity with the facts and procedural history

and incorporates the factual background contained in the Court's March 8, 2021 Order Granting in Part Defendants' Motions to Dismiss.[1] (ECF No. 216.)

Vigil initiated this action on June 15, 2018. (ECF No. 1.) Vigil filed his Third Amended Complaint on June 23, 2020, which is the operative complaint. (ECF No. 155.) He brings claims for deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the Constitution. (*Id.* ¶¶ 93–181.)

Defendants filed their Motion on October 12, 2020. (ECF No. 210.) Vigil responded on November 9, 2020, and Defendants replied on November 23, 2020. (ECF Nos. 213 & 214.)

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing that federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Id.*

---

[1] These facts are assumed true for the purpose of resolving the Motion. *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

## B. Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." The Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

## III. ANALYSIS

### A. Statute of Limitations

Vigil alleges that Carson and Blatnick, officials managing the scheduling and staffing of medical care at Arkansas Valley Correctional Facility ("AVCF") inadequately staffed the facility and caused treatment delays that led to his lasting injuries. (ECF No. 155 ¶¶ 159–65.) Carson and Blatnick argue that Vigil's claim against them is barred by the statute of limitations because he first named them as defendants in his Third

Amended Complaint, more than two years after his transfer from AVCF to Buena Vista Correctional Facility ("BVCF") on May 30, 2017.[2] (ECF No. 210 at 10–11; *see also* ECF No. 155 ¶ 68.) They assert that any conduct giving rise to claims against them necessarily occurred prior to his transfer and therefore are outside of the applicable two-year statute of limitations. (ECF No. 210 at 10–11.)

Vigil does not dispute that he failed to timely file his claims against Carson and Blatnick but argues that the statute of limitations should be equitably tolled. (ECF No. 213 at 11–14.) Specifically, he posits that he was unable to discover Carson and Blatnick's identities due to a stay of discovery from September 13, 2018 until April 19, 2019. (*Id.* at 13–14; *see also* ECF Nos. 36 & 65.)

A court may equitably toll the statute of limitations where extraordinary circumstances render it impossible for a plaintiff to discover information. Colorado's equitable tolling rules apply to § 1983 actions. *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) (applying state tolling rules to § 1983 action). Colorado law permits equitable tolling where a defendant "engage[d] in fraudulent concealment of facts pertinent to the existence of a claim." *Garrett v. Arrowhead Improvement Ass'n*, 826 P.2d 850, 853 n.7 (Colo. 1992). A court may also equitably toll the statute of limitations where circumstances outside the plaintiff's control make it impossible for him to timely file a claim despite diligent efforts. *Brodeur v. Am. Home Assur. Co.*, 169 P.3d 139, 149 (Colo. 2007).

---

[2] Vigil's § 1983 claim is subject to the two-year statute of limitations set forth in Colorado Revised Statute § 13-80-102(1)(g). *See* Colo. Rev. Stat. § 13-80-102(1)(g) (2014) (creating a two-year limitation period for "[a]ll actions upon liability created by a federal statute where no period of limitation is provided in said federal statute"); *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993) (applying Colo. Rev. Stat. § 13-80-102 to a § 1983 claim).

Vigil does not argue that these Defendants engaged in fraudulent concealment of information.  (*See generally* ECF No. 213.)  Moreover, a stay of discovery is not the type of extraordinary circumstance warranting equitable tolling of the statute of limitations.  *See Brodeur*, 169 P.3d at 150 n.12 (listing examples of extraordinary circumstances such as closure of courts during wartime, unconstitutional law preventing filing, and plaintiff's internment in prison camp).  As Vigil fails to establish circumstances warranting equitable tolling, his claims against Carson and Blatnick are time-barred.  Defendants' Motion is therefore granted with respect to Carson and Blatnick, and the claims against them will be dismissed without prejudice.

**B.     Official Capacity Claims**

     i.     *Injunctive Relief*

Defendants contend that any claim for prospective injunctive relief relating to Vigil's conditions of confinement at AVCF is mooted by his transfer to BVCF.  (ECF No. 210 at 6.)  Defendants argue therefore that any official capacity claims for injunctive relief against Defendants employed exclusively by AVCF—namely, Carson and Blatnick—are barred.  (*Id.*)  As the Court will dismiss the claims against Carson and Blatnick as barred by the statute of limitations, it need not reach the question of whether the official capacity claims against them are moot.

Additionally, although Defendants state that they seek dismissal of all claims against them, they fail to specifically address the official capacity claims against Raemisch, Tiona, Johnson, Jordan, and Brodeur.  (*See generally* ECF No. 210.)  Defendants and Vigil appear to agree that the remaining Defendants hold supervisory or policymaking roles within the Colorado Department of Corrections ("CDOC"), thereby

5

potentially impacting operations at BVCF, where Vigil is currently incarcerated. (*Id.* at 6; ECF No. 213 at 4–5.) Defendants therefore appear to concede that any claims for injunctive relief against these Defendants were not mooted by Vigil's transfer, given that they make no argument as to these Defendants. Accordingly, to the extent Defendants seek dismissal of Vigil's official capacity claims for injunctive relief as to Raemisch, Tiona, Johnson, Jordan, and Brodeur, the Motion is denied.

    ii.    *Damages*

Defendants assert that, to the extent Vigil seeks monetary damages against them in their official capacities, such claims are barred by the Eleventh Amendment to the Constitution. (ECF No. 210 at 4.)

State officials sued in their official capacity are not subject to suit for money damages. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994) (stating that "[n]either states nor state officers sued in their official capacity are 'persons' subject to suit under section 1983"). Accordingly, such officials are immune from claims for monetary damages in their official capacities. *See White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1966).

Vigil does not dispute this assertion and states that he seeks only injunctive relief against Defendants in their official capacities. (ECF No. 213 at 3.) Having conceded this point, Vigil's official capacity claims against Defendants may proceed only to the extent he seeks injunctive relief. *See Hafer*, 502 U.S. at 25.

**C.**    **Eighth Amendment Deliberate Indifference**

Defendants argue that Vigil cannot state a viable Eighth Amendment claim against them in their individual capacities because he fails to allege their personal

6

participation in the alleged constitutional violations. (ECF No. 210 at 7–10.) Defendants further assert that because Vigil cannot plead a constitutional violation, they are entitled to qualified immunity.[3] (*Id.* at 12–13.)

A deliberate indifference claim must satisfy both an objective and subjective prong. The objective prong requires the harm to be sufficiently serious as to implicate the Cruel and Unusual Punishment Clause, meaning that the condition "has been diagnosed by a physician as mandating treatment" or "is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). The subjective component of the inquiry is met if an official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (10th Cir. 1994). Moreover, a plaintiff must allege that each individual defendant was personally responsible for the alleged deprivation of his constitutional rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

Vigil asserts that he has alleged sufficient facts to state a claim for liability against Defendants through their roles as supervisors and policymakers. (ECF No. 213 at 7.) Specifically, he states that Raemisch, Jordan, Brodeur, and Tiona held policymaking positions within the CDOC, and Johnson, Carson and Blatnick directly implemented these policies. (*Id.* at 8.) He contends that the delays in provision of care resulted from Defendants' policy or practice of "failing to require timely responses to medical requests,

---

[3] To overcome a defendant's assertion of qualified immunity, a plaintiff must show that: (1) the defendant violated the plaintiff's federal constitutional or statutory rights, and (2) the right was clearly established at the time of the violation. *Reynolds v. Powell*, 370 F.3d 1028, 1030 (10th Cir. 2004). Accordingly, to the extent Vigil fails to establish a constitutional violation, this deficiency would preclude him from overcoming a qualified immunity defense.

7

failing to appeal [Correctional Health Partners'] denial of medical treatment requested by specialists, and failing to provide or request alternative medical treatment after specialists' requests are denied." (*Id.* at 9.)

Critically, Vigil does not allege facts suggesting that Defendants subjectively knew and disregarded a substantial risk of serious harm.[4]  Rather, he argues that "it is reasonable to infer" that they were aware of delays in treatment by AVCF medical staff. (ECF No. 213 at 10–11.)  The Third Amended Complaint states in a conclusory manner that "Defendants [Raemisch, Jordan, Tiona, and Brodeur] knew that it took weeks to respond to sick calls, that medical grievances could be denied on procedural grounds, and that the policies, procedures, and practices that they approved resulted in the systemic delay and denial of medical care to inmates." (ECF No. 155 ¶ 148.)  Vigil further alleges that Johnson, Carson, and Blatnick "had a pattern of having inadequate staff to provide adequate healthcare" and "knew that inadequate staffing would delay and deny inmates access to medical care." (*Id.* ¶¶ 160–61.)

Vigil urges a significant logical leap from Defendants' roles as supervisors and policymakers to the conclusion that they knew of the medical staff's unauthorized denials of and delays in treatment.  (ECF No. 213 at 10–11.)  As earlier stated, mere status as a supervisor is insufficient to support the required affirmative link for supervisory liability.  *See Farmer*, 511 U.S. at 837 (stating that an "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference").

---

[4] Significantly, in both the Third Amended Complaint and in his response, Vigil fails to specifically denote actions of each individual Defendant, instead referring to Defendants collectively.  (*See generally* ECF Nos. 155 & 213.)

As Vigil fails to allege any facts supporting Defendants' actual, subjective knowledge that inmates were arbitrarily denied care as a result of their alleged policies, he fails to state a claim for deliberate indifference. Defendants' Motion is therefore granted with respect to Vigil's individual capacity claims against Raemisch, Tiona, Johnson, Jordan, and Brodeur.

As this is Vigil's Third Amended Complaint, he has had several opportunities to cure pleading deficiencies and has nonetheless failed to assert a viable claim for supervisory liability against Raemisch, Tiona, Johnson, Jordan, and Brodeur. The Court finds that granting leave to file yet a fourth amended complaint implicating these Defendants would be futile and dismisses the individual capacity claims against them with prejudice.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendants' Motion (ECF No. 210) is GRANTED IN PART;
2. Vigil's claims against Carson and Blatnick are DISMISSED WITHOUT PREJUDICE;
3. Vigil's individual capacity claims against Raemisch, Tiona, Johnson, Jordan, and Brodeur are DISMISSED WITH PREJUDICE;
4. Defendants' Motion is otherwise DENIED; and
5. The parties shall proceed with pretrial discovery and related matters in conformity with the provisions of the April 8, 2021 Amended Scheduling Order entered by United States Magistrate Judge N. Reid Neureiter (ECF No. 223).

Dated this 25th day of June, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge